# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Michael A. Galluzzo,

        Petitioner,

v.

State of Ohio, et al.,

        Respondents.

Case No. 2:17-cv-499

Judge Graham

Magistrate Judge King

## Opinion and Order

This matter is before the court on petitioner Michael A. Galluzzo's June 22, 2017 emergency motion for an injunction, which the court construes as a motion for a temporary restraining order and preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. Petitioner seeks to enjoin a hearing or trial in a traffic case against him in state court. According to petitioner, the proceeding is scheduled for Monday, June 26, 2017.

Temporary restraining orders and preliminary injunctions are extraordinary remedies that are governed by the following considerations: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008); see also Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). "The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012).

The court finds that petitioner has not satisfied his burden of demonstrating a strong likelihood of success on the merits. He alleges that the state court is without jurisdiction to hear his traffic case and that his federal constitutional rights will be violated if the matter proceeds to trial. Petitioner does not explain why the court is without jurisdiction, but this court notes that attached to his motion is a filing from a state court case in which petitioner refers to himself as a "Sovereign" and "descendant[] of the Freeholding men of Foreign Sovereign Immunity . . . who preceded the founding of the Great Republic." (Doc. 4-1 at PAGEID 18). To the extent that his claim is based on a "sovereign citizen" theory, it is not likely to succeed on the merits. See, e.g., Payne v. Klida, No. 15-CV-14127, 2016 WL 491847, at *3 (E.D. Mich. Jan. 6, 2016), report and recommendation

adopted, No. 15-CV-14127, 2016 WL 465486 (E.D. Mich. Feb. 8, 2016) ("The Court notes that Plaintiff's legal theories regarding why he is not bound by state law appear to grow out of the 'sovereign citizen' movement, which courts around the nation have repeatedly and completely rejected.") (citing cases); Colar v. Heyns, No. 1:12-CV-1269, 2013 WL 141138, at **3-4 (W.D. Mich. Jan. 11, 2013) (observing that "the fundamental belief of the sovereign-citizen movement [is] that the government lacks the authority to govern them" and that in Cheek v. United States, 498 U.S. 192, 199 (1991), "the Supreme Court has held that beliefs about taxation held by self-described sovereign citizens are unreasonable").

The court further finds that petitioner has not shown that he will suffer irreparable injury absent a stay. If he believes that the state court is without jurisdiction to hear his case, he has available to him avenues of redress and appeal in state court. Indeed, petitioner states in his motion that he has filed for relief with the Ohio Supreme Court regarding this matter.

Accordingly, petitioner's emergency motion for an injunction (doc. 4) is DENIED.

        s/ James L. Graham
        JAMES L. GRAHAM
        United States District Judge

DATE: June 23, 2017